UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

IN RE:

FL SUNSHINE SERVICES OF TAMPA, LLC

CASE NO. 8:20-08148-CED
Subchapter V Chapter 11

Debtor.
______________________________/

**DEBTOR'S POST-CONFIRMATION MOTION TO APPROVE COMPROMISE OF CONTROVERSY BY AND BETWEEN THE DEBTOR AND MERCHANTS FLEET PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING

If you object to the relief requested in this paper you must file a response with the Clerk of Court at 801 N. Florida Avenue, Room 555, Tampa, Florida 33602 and mail a copy to the moving parties' counsel Alberto F. Gomez, Jr., Johnson Pope Bokor Ruppel & Burns, LLP, 400 North Ashley Drive, Ste. 3100, Tampa, FL 33602 within twenty-one (21) days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

**You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response**.

FL Sunshine Services of Tampa, LLC, the debtor and debtor-in-possession (the "Debtor"), by and through its undersigned counsel, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, respectfully moves this Court for entry of an order approving a post-confirmation compromise and settlement between the Debtor, Jeff Simmons ("Simmons"), Dan Wilson ("Wilson"), and Merchants Automotive Group, LLC d/b/a Merchants Fleet ("Merchants"), and in support thereof states as follows:

## **Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## **Background**

4. On October 30, 2020 (the "Petition Date"), the Debtor filed a Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), Subchapter V, Small Business Debtor Reorganization.

5. On May 14, 2021, the Debtor filed its Amended Subchapter V Plan of Reorganization [Doc. No. 199], which was subsequently modified by the First Supplement filed July 16, 2021 [Doc. No. 221] (collectively, the "Plan").

6. By Order Confirming the Debtor's Subchapter V Plan for Reorganization entered August 23, 2021 [Doc. No. 241] (the "Confirmation Order"), this Court confirmed the Plan pursuant to 11 U.S.C. § 1191(b).

7. Pursuant to the Confirmation Order and 11 U.S.C. § 1141(a), the Plan is binding upon the Debtor and its creditors, including Merchants.

8. Merchants' claims were treated pursuant to Classes 21 through 25 of the confirmed Plan.

## **The Dispute**

9. Following confirmation of the Plan, disputes arose concerning the balance allegedly remaining due to Merchants under Account No. 151000 and the treatment of certain collateral and related obligations under the Plan.

10. Merchants asserted that the Debtor remained in default and demanded payment of amounts allegedly due under the parties' agreements.

11. Thereafter, the parties engaged in extensive communications and account reconciliation efforts concerning Merchants' claims.

12. Following such review, Merchants asserted that the balance due and owing with respect to Account No. 151000 was approximately $93,957.54.

13. In order to avoid the expense, uncertainty, burden, and delay associated with continued collection activity, repossession efforts, litigation, and enforcement proceedings, the parties negotiated a consensual resolution.

**Compromise**

14. The Debtor, Simmons, Wilson, and Merchants have entered into a Settlement Agreement and Mutual Release (the "Settlement Agreement"), a copy of which is attached hereto as Exhibit "A.".

15. Pursuant to the Settlement Agreement, Simmons shall pay Merchants the sum of Seventy Thousand Dollars ($70,000.00) from his personal, non-estate funds.

16. Upon receipt and clearance of the settlement funds, Merchants shall deem its account paid and satisfied in full and shall release the Debtor, Simmons, and Wilson from all liabilities arising from or relating to Account No. 151000, the collateral, the guaranties, the confirmed Plan, the Confirmation Order, and this Chapter 11 case.

17. As set forth in the Settlement Agreement, Merchants shall further waive any deficiency claim and shall execute all documents necessary to release any liens, title claims, security interests, or other encumbrances affecting the collateral.

18. The Settlement Agreement expressly provides that the settlement funds are being paid solely by Simmons from his personal, non-estate funds and do not constitute property of the bankruptcy estate.

19. The Debtor believes the Settlement Agreement represents a fair, equitable, and reasonable resolution of the dispute.

**Basis for Relief**

20. Pursuant to Federal Rule of Bankruptcy Procedure 9019(a), this Court may approve a compromise or settlement after notice and an opportunity for hearing. The Debtor submits this Motion pursuant to the Court's negative notice procedures and requests approval of the Settlement Agreement in the absence of a timely filed objection.

21. The Eleventh Circuit has recognized that approval of a compromise is appropriate when the settlement falls within the range of reasonableness and is in the best interests of the estate. See *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990).

22. In evaluating a proposed compromise, courts generally consider the probability of success in litigation, the difficulties associated with collection, the complexity, expense, inconvenience, and delay associated with litigation, and the paramount interests of creditors together with proper deference to their reasonable views.

23. Application of these factors supports approval of the Settlement Agreement.

24. The controversy between the parties involves disputed issues concerning Merchants' claim, the amount allegedly owed, treatment of collateral, enforcement of rights under the confirmed Plan, and potential guaranty liability.

25. Resolution of these issues through litigation would require substantial time, expense, and professional fees.

26. The Settlement Agreement provides a prompt and certain resolution of the controversy and eliminates the risk and expense associated with continued disputes.

27. The settlement fully resolves Merchants' claims against the Debtor, Simmons, and Wilson and requires Merchants to release any remaining liens, title claims, and related encumbrances.

28. The Debtor submits that the Settlement Agreement is fair, reasonable, negotiated in good faith, and in the best interests of the Debtor, its creditors, and its estate.

**WHEREFORE**, the Debtor respectfully requests the Court to enter an Order granting this Motion, approving the Settlement Agreement and Mutual release attached as Exhibit "A", authorizing the Debtor, Simmons, Wilson, and Merchants to perform their respective obligations under the Settlement Agreement, finding that the Settlement Agreement is fair, reasonable, and in the best interest of the estate, and granting such other and further relief as the Court deems just and proper.

Dated: July 29, 2026

JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, LLP

/s/ Alberto ("Al") F. Gomez, Jr.
Alberto ("Al") F. Gomez, Jr. (FBN: 784486)
400 N. Ashley Dr., Ste. 3100
Tampa, FL 33602
Telephone: 813-225-2500
Email: Al@jpfirm.com
Counsel for Debtor

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Debtor's Motion to Approve Compromise has been furnished via Electronic Filing and/or U. S. Mail to: the **Office of the U.S. States Trustee**, 501 East Polk Street, Suite 1200, Tampa, Florida 33602; **Merchants Automotive Group, Inc.**, Attn: Stephanie Brault, Assistant Director of Financial Operations, 14 Central Park Dr., First Floor, Hooksett, NH 03106; **Merchants Automotive Group, LLC**, c/o Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301; **FL Sunshine Services of Tampa, LLC**, 13915 US Highway 98 Bypass, Dade City, FL 33525, all creditors and parties in interest listed on the attached matrix on July 29, 2026.

/s/ Alberto ("Al") F. Gomez, Jr.
Alberto ("Al") F. Gomez, Jr.

# **SETTLEMENT AGREEMENT AND MUTUAL RELEASE**

This Settlement Agreement and Mutual Release ("Agreement") is entered into as of June 23, 2026 (the "Effective Date"), by and among FL Sunshine Services of Tampa, LLC ("Debtor"), Jeff Simmons ("Simmons"), Dan Wilson ("Wilson"), and Merchants Automotive Group, Inc. d/b/a Merchants Fleet ("Merchants"). Debtor, Simmons, Wilson, and Merchants are sometimes referred to individually as a "Party" and collectively as the "Parties."

## **Recitals**

WHEREAS, Debtor commenced a Subchapter V Chapter 11 case in the United States Bankruptcy Court for the Middle District of Florida, Tampa Division, styled *In re FL Sunshine Services of Tampa, LLC*, Case No. 8:20-bk-08148-CED (the "Chapter 11 Case").

WHEREAS, Debtor filed its Amended Subchapter V Plan of Reorganization dated May 14, 2021 [Doc. No. 199], as modified by the First Supplement dated July 16, 2021 [Doc. No. 221] (collectively, the "Plan").

WHEREAS, by Order Confirming the Debtor's Subchapter V Plan for Reorganization entered on August 23, 2021 [Doc. No. 241] (the "Confirmation Order"), the Bankruptcy Court confirmed the Plan pursuant to 11 U.S.C. § 1191(b).

WHEREAS, pursuant to the Confirmation Order and 11 U.S.C. § 1141(a), the Plan is binding upon Debtor and its creditors, including Merchants.

WHEREAS, the Confirmation Order specifically approved treatment of Merchants' claims in Classes 21 through 25 (the “Merchants’ Claims”) consistent with the Court-approved compromise between Debtor and Merchants.

WHEREAS, Merchants asserted that Debtor may be in default of its obligations to Merchants under the Plan and under certain agreements between the Parties and initially demanded payment of amounts allegedly due thereunder.

WHEREAS, Simmons and Wilson each have executed guaranty agreements in favor of Merchants with respect to the Debtor's obligations to Merchants.

WHEREAS, following communications between the Parties and review of the account history, the Parties determined that the amount asserted by Merchants as due and owing for purposes of settlement was $93,957.54.

WHEREAS, notwithstanding the Parties' communications concerning the amount asserted by Merchants, a controversy exists concerning the collection of such amount and the Parties' desire to compromise and settle all claims, obligations, liabilities, guaranties, disputes, and rights arising from or relating to Account No. 151000, the collateral securing Merchants' Claims, the Plan, the Confirmation Order, and the Chapter 11 Case.

WHEREAS, Debtor, Simmons, Wilson, and Merchants desire to fully and finally resolve all disputes, claims, obligations, liabilities, guaranties, and rights arising from or relating to Merchants' Claims, the collateral, the Plan, the Confirmation Order, and the Chapter 11 Case.

WHEREAS, the Parties desire to avoid the uncertainty, expense, inconvenience, and burden associated with further litigation, collection activity, or disputes concerning the account and treatment of Merchants' claims under the Plan.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein, and other good and valuable consideration, the receipt and sufficiency of which are acknowledged, the Parties agree as follows:

1. **Settlement Payment**. As consideration for the compromises, releases, and covenants contained herein, Simmons, in his individual capacity and not on behalf of Debtor, shall cause the payment of Seventy Thousand Dollars ($70,000.00) (the "Settlement Payment") to Merchants within ten (10) business days following the Effective Date by wire transfer or other

immediately available funds pursuant to written payment instructions provided by Merchants. The Settlement Payment shall be funded solely from the personal, non-estate funds of Simmons and shall not constitute property of Debtor, property of the bankruptcy estate, or funds payable under the Plan. The settlement contemplated herein shall be deemed consummated 91 days after Merchants' receipt of the Settlement Payment and the clearance of the Settlement Payment through the bank or institution from which the Settlement Payment was originated.

2. **<u>Non-Estate Funding</u>**. The Parties acknowledge and agree that the Settlement Payment is being provided solely by Jeff Simmons from his personal, non-estate funds and that no assets of Debtor or the bankruptcy estate are being transferred, compromised, released, or otherwise disposed of pursuant to this Agreement. The Parties further acknowledge and agree that this Agreement constitutes a resolution funded entirely by a non-debtor third party and is not intended to require approval pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure.

3. **<u>Full Satisfaction of Obligations</u>**. The Settlement Payment shall constitute full and complete satisfaction of all amounts allegedly due to Merchants arising from or relating to Account No. 151000, the collateral securing Merchants' Claims, the guaranties executed by Simmons and Wilson, the Plan, the Confirmation Order, and the Chapter 11 Case 91 days after Merchants' receipt of and the clearance of the Settlement Payment through the originating bank or institution, whereupon Merchants shall deem the account paid and satisfied in full and shall acknowledge that no further amounts are due or owing from Debtor, Simmons, or Wilson.

4. **<u>Release by Merchants</u>**. Effective 91 days after Merchants' receipt of and the clearance of the Settlement Payment through the originating bank or institution Merchants, on behalf of itself and its predecessors, successors, assigns, affiliates, officers, directors, employees, agents, representatives, attorneys, insurers, and all persons acting by, through, under, or in concert

with it, shall be deemed to have fully and forever released, acquited, and discharged Debtor, Simmons, Wilson, and their respective predecessors, successors, assigns, affiliates, officers, directors, employees, agents, representatives, attorneys, heirs, estates, and all persons acting by, through, under, or in concert with them from any and all claims, demands, causes of action, liabilities, obligations, debts, deficiencies, guaranties, damages, costs, expenses, attorney's fees, interest, penalties, and rights of every kind and nature whatsoever, whether known or unknown, suspected or unsuspected, fixed or contingent, that arise from or relate in any manner to Account No. 151000, the collateral, the guaranties, the Plan, the Confirmation Order, or the Chapter 11 Case.

5. **Release by Debtor, Simmons and Wilson**. Effective 91 days after Merchants' receipt of and the clearance of the Settlement Payment through the originating bank or institution , Debtor, Simmons, and Wilson, on behalf of themselves and their respective predecessors, successors, assigns, affiliates, officers, directors, employees, agents, representatives, attorneys, heirs, estates, and all persons acting by, through, under, or in concert with them, shall be deemed to have fully and forever released, acquitted, and discharged Merchants and its predecessors, successors, assigns, affiliates, officers, directors, employees, agents, representatives, attorneys, insurers, and all persons acting by, through, under, or in concert with it from any and all claims, demands, causes of action, liabilities, damages, costs, expenses, and rights of every kind and nature whatsoever arising from or relating to Account No. 151000, the collateral, the guaranties, the Plan, the Confirmation Order, or the Chapter 11 Case.

6. **Waiver of Deficiency and Further Claims**. If 91 days have elapsed after Merchants' receipt of and the clearance of the Settlement Payment through the originating bank or institution without a bankruptcy case having been commenced by Simmons or an involuntary

bankruptcy case having been commenced against Simmons, Merchants shall be deemed to have permanently waived, relinquished, and abandoned any right to assert, pursue, collect, recover, assign, transfer, or otherwise enforce any deficiency claim, collection claim, guaranty claim, secured claim, unsecured claim, or other claim of any nature against Debtor, Simmons, or Wilson arising from or relating to Account No. 151000, the collateral, the guaranties, the Plan, the Confirmation Order, or the Chapter 11 Case; and Merchants further covenants that it shall not commence, continue, or assist in any action, proceeding, collection effort, or demand based upon such matters. Merchants fully reserves all rights and remedies against Debtor, Simmons, and Wilson arising from or relating to Account No. 151000, the collateral, the guaranties, the Plan, the Confirmation Order, and the Chapter 11 Case in the event a bankruptcy case is commenced by or against Simmons before 91 days has elapsed after Merchants' receipt of and the clearance of the Settlement Payment through the originating bank or institution.

7. **Release of Liens and Encumbrances**. No later than five (5) business days after 91 days after the receipt and clearance of the Settlement Payment, Merchants shall execute and deliver all documents and take all actions necessary to terminate, release, satisfy, and remove any liens, security interests, title claims, ownership interests, lease interests, UCC filings, rights of possession, or other encumbrances asserted against the collateral. Merchants shall further cooperate in good faith and execute any additional documents reasonably requested to effectuate the releases contemplated herein.

8. **Satisfaction Documentation**. Within five (5) business days its release of liens as required by Paragraph 7, Merchants shall provide written confirmation that Account No. 151000 has been paid and satisfied in full, that all obligations arising under the Plan and the Confirmation Order relating to Merchants' claim have been fully satisfied, and that all required lien releases, title

releases, termination statements, and other documents necessary to evidence the termination of Merchants' interest in the collateral have been executed, delivered, and, where applicable, filed. Merchants shall simultaneously provide copies of all such documents to Debtor's counsel.

9. **Representations and Warranties of Merchants**. Merchants represents and warrants that it possesses full authority to enter into and perform this Agreement, that the Merchants Claims against Debtor have not been assigned, transferred, pledged, or sold to any third party, and that, to the best of its knowledge, no third party claims any ownership interest in the account or collateral adverse to Merchants. Merchants further represents that the individual executing this Agreement on its behalf possesses full authority to bind Merchants to the terms hereof.

10. **No Admission of Liability**. This Agreement is entered into solely as a compromise of disputed claims and shall not be construed as an admission by any Party of liability, wrongdoing, fault, the validity of any claim, or the enforceability of any asserted obligation.

11. **Preservation of Plan Compliance**. The Parties acknowledge and agree that, subject to the foregoing terms of this Agreement, payment of the Settlement Payment and consummation of this Agreement shall constitute full satisfaction of all obligations owed to Merchants under the Plan and the Confirmation Order, and that Merchants shall have no further claim against Debtor, Simmons, or Wilson arising from or relating to Merchants' treatment under the Plan, the Confirmation Order, the account, the collateral, or the Chapter 11 Case.

12. **Retention of Jurisdiction**. The Parties expressly consent to the continuing jurisdiction of the United States Bankruptcy Court for the Middle District of Florida to interpret, implement, and enforce the terms of this Agreement, resolve disputes concerning its performance, and enter any orders necessary to effectuate the settlement contemplated herein. If the Bankruptcy

Court declines jurisdiction or the Chapter 11 Case has been closed, the Parties may seek enforcement in any court of competent jurisdiction.

13. **Specific Performance**. The Parties acknowledge that a breach of this Agreement may result in irreparable harm for which monetary damages alone would be inadequate. Accordingly, each Party shall be entitled to seek specific performance, injunctive relief, and other equitable remedies to enforce this Agreement without the necessity of posting bond.

14. **Attorneys' Fees**. In any action or proceeding arising from or relating to the enforcement or interpretation of this Agreement, the prevailing party shall be entitled to recover its reasonable attorneys' fees, costs, and expenses.

15. **Governing Law**. This Agreement shall be governed by and construed in accordance with the laws of the State of Florida.

16. **Entire Agreement**. This Agreement constitutes the entire agreement among the Parties concerning the subject matter hereof and supersedes all prior negotiations, discussions, communications, and agreements relating thereto.

17. **Amendment**. This Agreement may be amended only by a written instrument executed by all Parties.

18. **Counterparts and Electronic Signatures**. This Agreement may be executed in multiple counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument. Signatures transmitted electronically shall be deemed originals for all purposes.

19. **Binding Effect**. This Agreement shall be binding upon and inure to the benefit of the Parties and their respective predecessors, successors, assigns, heirs, representatives, and permitted transferees.

20. **Construction**. This Agreement shall be deemed jointly drafted by the Parties and shall not be construed against any Party as the drafter.

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement and Mutual Release as of the Effective Date.

FL SUNSHINE SERVICES OF TAMPA LLC

By: ______________________________

Name: Dan Wilson

Title: Manager

Date: June 29, 2026

JEFF SIMMONS

By: ______________________________

Name: ______________________________

Date: ______________________________

DAN WILSON

By: ______________________________

Name: Dan Wilson

Date: June 29, 2026

MERCHANTS AUTOMOTIVE GROUP, INC.
d/b/a MERCHANTS FLEET

By: ______________________________

Name: Stephanie Brault

Title: Assistant Director, Financial Operations

Date: 7/28/2026

20. **Construction**. This Agreement shall be deemed jointly drafted by the Parties and shall not be construed against any Party as the drafter.

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement and Mutual Release as of the Effective Date.

FL SUNSHINE SERVICES OF TAMPA LLC

By: ______________________________

Name: ______________________________

Title: ______________________________

Date: ______________________________

JEFF SIMMONS

By: ______________________________

Name: Jeff Simmons

Date: June 29, 2026

DAN WILSON

By: ______________________________

Name: ______________________________

Date: ______________________________

MERCHANTS AUTOMOTIVE GROUP, INC.
d/b/a MERCHANTS FLEET

By: ______________________________

Name: Stephanie Brault

Title: Assistant Director, Financial Operations

Date: 7/28/2026